**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JUDGE KARAS**

-----------------------------------------------------------------x

Progressive Enterprises, Inc./Castaways Yacht Club
      and
The Sunseeker Club in Annapolis, Inc.

**CIVIL NO. _____**

                     **Plaintiffs,**

**08 civ 3553**

     -against-

M/Y CUQUITO (Hull ID No. TNRD1719J091), her
engines, tackle, apparel, furniture, equipment, and all
other necessaries thereunto appertaining and belonging
*in rem*;

The Sunseeker Club, Inc. *in personam*;

M/Y BACKCOVE29030 (Hull ID No. NEH29030G405),
her engines, tackle, apparel, furniture, equipment and all
other necessaries thereunto appertaining and belonging
*in rem*;

**VERIFIED COMPLAINT FOR**
**FORECLOSURE OF PREFERRED**
**SHIP MORTGAGES**

The Sunseeker Club at Castaways, Inc., *in personam*

                     **Defendants.**

-----------------------------------------------------------------x

     Progressive Enterprises, Inc./Castaways Yacht Club and The Sunseeker Club in

Annapolis, Inc. ("Plaintiffs") file this Verified Complaint against the Motor Yacht CUQUITO

(Hull ID No. TNRD1719J091), her engines, tackle, apparel, furniture, equipment and all other

necessaries thereunto appertaining and belonging *in rem* (collectively the "CUQUITO"); The

Sunseeker Club, Inc. *in personam*; the Motor Yacht BACKCOVE29030 (Hull ID

No.NEH29030G405), her engines, tackle, apparel, furniture, equipment and all other necessaries

thereunto appertaining and belonging *in rem* (collectively the "BACKCOVE29030"); and The

Sunseeker Club at Castaways, Inc. *in personam*, alleging as follows:

## PARTIES

1.     Progressive Enterprises, Inc./Castaways Yacht Club is a corporation duly formed

and existing under the laws of the State of New York.

2.     The Sunseeker Club In Annapolis, Inc. is a corporation duly formed and existing

under the laws of the State of Maryland.

3.     The CUQUITO is a 34-foot Formula pleasure craft bearing Hull Identification No.

TNRD1719J091 and is now within this district.

4.     The Sunseeker Club, Inc. is the owner of the CUQUITO.

5.     The BACKCOVE29030 is a 29-foot Back Cove pleasure craft bearing Hull

Identification No. NEH29030G405 and is now within this district.

6.     The Sunseeker Club at Castaways, Inc. is the owner of the BACKCOVE29030.

## JURISDICTION

7.     This is a case of admiralty and maritime jurisdiction, as will more fully appear,

and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of

Civil Procedure.

8.     This action is brought pursuant to the Maritime Commercial Instruments and

Liens Act, 46 U.S.C. §§ 31301-31343, and in particular, 46 U.S.C. § 31325(b)-(c).

9.     Venue in this district is proper under the general maritime law.

2

## COUNT I - Against M/Y CUQUITO *In Rem*

10.    The allegations of paragraphs 1 through 9 of this Complaint are repeated as if fully set forth herein.

11.    On May 3, 2007, The Sunseeker Club, Inc. executed and delivered a preferred ship mortgage to Plaintiffs, covering the whole of the CUQUITO and securing a principal indebtedness of $51,276.60 and the performance of certain other obligations as set forth in an accompanying promissory note.  True and correct copies of the mortgage and promissory note are attached hereto as Exhibit A.

12.    The Sunseeker Club, Inc. has defaulted under the mortgage by, among other things, failing to make payment when due.

13.    There is an outstanding debt under the mortgage of approximately $51,276.60, plus interest, charges, attorneys' fees, and costs.

WHEREFORE, Plaintiffs pray that:

A.    Process of arrest issue against the CUQUITO as provided under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all persons asserting a right of possession or any ownership interest in the CUQUITO be cited to appear and answer the matters herein, and that the CUQUITO be condemned and sold to satisfy the demands and claims herein; and

B.    The mortgage be declared to be a valid and subsisting lien upon the CUQUITO, prior and superior to the interests, liens or claims of any and all persons or entities whatsoever; and

C.    Judgment be entered against the CUQUITO *in rem* in the amount of $51,276.60 plus interest, charges, attorneys' fees, and costs, and that Plaintiffs have such other and further relief as the Honorable Court may deem proper.

## COUNT II - Against The Sunseeker Club, Inc. *In Personam*

14.    The allegations of paragraphs 1 through 13 of this Complaint are repeated as if fully set forth herein.

15.    The Sunseeker Club, Inc. is personally liable under both the mortgage and 46 U.S.C. § 31325 for the outstanding debt or for any deficiency that may remain due and owing after applying the available proceeds of the sale of the CUQUITO.

16.    There is an outstanding debt under the mortgage of approximately $51,276.60, plus interest, charges, attorneys' fees, and costs.

WHEREFORE, Plaintiffs pray that judgment be entered against The Sunseeker Club, Inc. *in personam* in the amount of $51,276.60, plus interest, charges, attorneys' fees, and costs, and that Plaintiffs have such other and further relief as the Honorable Court may deem proper.

## COUNT III - Against M/Y BACKCOVE29030 *In Rem*

17.    The allegations of paragraphs 1 through 9 and of this Complaint are repeated as if fully set forth herein.

18.    On May 3, 2007, The Sunseeker Club at Castaways, Inc. executed and delivered a preferred ship mortgage to Plaintiffs, covering the whole of the BACKCOVE29030 and securing a principal indebtedness of $136,083.69 and the performance of certain other obligations as set

4

forth in an accompanying promissory note.  True and correct copies of the mortgage and promissory note are attached hereto as Exhibit B.

19.    The Sunseeker Club at Castaways, Inc. has defaulted under the mortgage by, among other things, failing to make payment when due.

20.    There is an outstanding debt under the mortgage of approximately $136,083.69, plus interest, charges, attorneys' fees, and costs.

WHEREFORE, Plaintiffs pray that:

A.    Process of arrest issue against the BACKCOVE29030 as provided under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all persons asserting a right of possession or any ownership interest in the BACKCOVE29030 be cited to appear and answer the matters herein, and that the BACKCOVE29030 be condemned and sold to satisfy the demands and claims herein; and

B.    The mortgage be declared to be a valid and subsisting lien upon the BACKCOVE29030, prior and superior to the interests, liens or claims of any and all persons or entities whatsoever; and

C.    Judgment be entered against the BACKCOVE29030 *in rem* in the amount of $136,083.69 plus interest, charges, attorneys' fees, and costs, and that Plaintiffs have such other and further relief as the Honorable Court may deem proper.

### COUNT IV - Against The Sunseeker Club at Castaways, Inc. *In Personam*

21.    The allegations of paragraphs 1 through 9 and 17 through 20 of this Complaint are repeated as if fully set forth herein.

5

22.    The Sunseeker Club at Castaways, Inc. is personally liable under both the mortgage and 46 U.S.C. § 31325 for the outstanding debt or for any deficiency that may remain due and owing after applying the available proceeds of the sale of the BACKCOVE29030.

23.    There is an outstanding debt under the mortgage of approximately $136,083.69, plus interest, charges, attorneys' fees, and costs.

WHEREFORE, Plaintiffs pray that judgment be entered against The Sunseeker Club at Castaways, Inc. *in personam* in the amount of $136,083.69, plus interest, charges, attorneys' fees, and costs, and that Plaintiffs have such other and further relief as the Honorable Court may deem proper.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: _____

Dated: April 10, 2008
        New York, New York

Michael B. McCauley (7231)
140 Broadway, 46th Floor
PMB46030
New York, NY 10005
(212) 406-1855
(212) 858-7651 (Fax)
mccauley@pbh.com

6

## VERIFICATION

Gloria Michaelis, being of full age, declares as follows:

1.  I am the president of the Sunseeker Club in Annapolis, Inc. and the secretary of Progressive Enterprises, Inc./Castaways Yacht Club, the Plaintiffs in this matter, and I am authorized to make this declaration on their behalf.

2.  The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

3.  I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

4.  Executed this 10th day of ___April___, 2008.

_Gloria Michaelis_
Gloria Michaelis

7

# EXHIBIT A

# PREFERRED SHIP MORTGAGE

THIS PREFERRED MORTGAGE is made and given on the whole (100%) of the vessel named below ("Vessel") by THE SUNSEEKER CLUB INC, (the "Owner" or "Mortgagor"), to the person or entity named as Mortgagee below (the "Mortgagee").

| | |
|---|---|
| NAME OF VESSEL:<br>CUQUITO | INTEREST CONVEYED:<br>100% |
| OFFICIAL NUMBER:<br>1023921 | DATE OF INSTRUMENT:<br>5/3/07 |
| HULL IDENTIFICATION NUMBER:<br>TNRD1719J091 | PRINCIPAL AMOUNT OF MORTGAGE:<br>$51,276.60 |
| NAME OF MORTGAGOR:<br>THE SUNSEEKER CLUB INC | NAME OF MORTGAGEE:<br>THE SUNSEEKER CLUB IN ANNAPOLIS, INC.<br><br>PROGRESSIVE ENTERPRISES INC./<br>CASTAWAYS YACHT CLUB |
| ADDRESS OF MORTGAGOR:<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY 10805 | ADDRESS OF MORTGAGEE:<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY 10805 |

## WITNESSETH:

WHEREAS, Mortgagor is the sole owner of the whole of the Vessel and is justly indebted to the Mortgagee, as Maker of a Promissory Note ("Note") dated MAY 3, 2007, in the principal amount of $51,276.60 plus interest, fees and charges, due and payable to the order of Mortgagee as specified and agreed therein.

WHEREAS, Mortgagor has agreed to give this Mortgage as security for its obligations to Mortgagee under this Mortgage and the aforesaid Note, the terms and conditions of which are incorporated herein by reference, and has authorized and directed the execution and delivery of this Mortgage to Mortgagee.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, receipt of which is hereby acknowledged, and to secure payment of the aforesaid indebtedness and interest, other charges and amounts that are and may hereafter become due under this Mortgage and Note and the performance of all covenants thereof, Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the Vessel identified above, together with and including the hull, all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, all appurtenances and accessories and any and all additions, improvements and replacements, now or hereafter belonging thereto, whether or not removed therefrom, all of which shall be deemed to be included in the term "Vessel" herein.

TO HAVE AND TO HOLD all and singular the above described Vessel unto Mortgagee, its heirs, successors and assigns, forever;

PROVIDED, HOWEVER, that if Owner, its heirs, executors, administrators or its successors or assigns shall perform and observe all and singular the terms, covenants and agreements of the Note, then this Mortgage shall cease, but shall otherwise remain in full force and effect;

OWNER PROMISES to pay said indebtedness with interest thereon as specified in the aforesaid Note, and to perform and observe the further terms, covenants and agreements herein, and to hold the Vessel subject thereto at all times.

## ARTICLE I. PARTICULAR COVENANTS OF OWNER

Owner covenants as follows:

1.    Owner is and shall at all times continue to be a citizen of the United States entitled to own and operate the Vessel under a United States marine document, which document Owner shall at all times maintain in full force and effect.

2.    Owner is duly incorporated and is and shall continue to remain in good standing under the laws of the State of its incorporation and is and shall continue to remain authorized to do business and in good standing in any other State wherein Owner regularly does business.

3.    Owner has signed or authorized and directed the signing of all papers and has taken any and all other actions necessary for the signing, delivery and validity of this Mortgage and the Promissory Note which create the obligation secured by this Mortgage. The Promissory Note and this Mortgage are valid and enforceable.

4.    Owner lawfully owns and possesses the Vessel free form all liens and encumbrances whatsoever except the lien of this First Preferred Mortgage.

5.    Owner shall not permit the Vessel to be operated contrary to or in violation of any provision of the laws, treaties, conventions, rules, regulations or orders of the United States, or of any State and/or political subdivision and/or any department or agency thereof.

6.    Neither the Owner, its agents, nor the master or custodian of the Vessel have or shall have any right or power of authority to create, incur or permit to be placed or imposed on the Vessel, or any part thereof, any lien which would or might be prior to, on a parity with or which might otherwise impair the lien of this Mortgage, other than to the Mortgagee or for crew's wages or salvage.

7.    Owner shall place and keep prominently in the Vessel's pilot house, chart room or master's cabin, or elsewhere on the Vessel as specified by the Mortgagee, a notice of this Mortgage and shall keep a proper copy of the Mortgage with the ship's papers and exhibit the same to all persons having business with the Vessel, and to the Mortgagee on demand.

8.    Owner shall pay when due all taxes, assessments, governmental charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon the Vessel. Owner shall at its own expense at all times maintain the Vessel in thorough repair and working order and shall make all proper renewals and replacements.

9.    If the Vessel shall be libeled, attached, detained, seized, levied upon or taken into custody under process or under color of any authority by any third party, Owner shall immediately notify Mortgagee.

10.    From time to time Owner shall execute and deliver to Mortgagee any affidavits instruments, documents, information and assurances that may in the opinion of Mortgagee's counsel be required to perfect the lien hereof, to effect or secure payment of the aforesaid indebtedness, to permit the operation of the Vessel as herein provided, or to effectuate sales as provided in Subparagraph 2(C) of Article III herein.

11.    Owner shall at its own expense maintain agreed value marine hull and machinery insurance on the vessel at all times so long as this Mortgage remains outstanding and unsatisfied, in an amount at least equal to and not less than the outstanding unpaid indebtedness under the Promissory Note. All insurance shall be taken out in the name of the Owner and shall by its terms be payable to Mortgagee as loss payee. Owner shall notify and request Underwriters to agree to notify Mortgagee of any cancellation or material change in coverage at least 30 days in advance. Copies of all policies and binders shall be delivered to Mortgagee together with evidence of payment of premium.

## ARTICLE II. TERMS AND CONDITIONS

1.    For the purpose of endorsing of this Ship Mortgage on the marine document of the Vessel as required by the Ship Mortgage Act, the total amount necessary to satisfy this Mortgage is the total unpaid principal plus accrued interest, fees, costs and charges as set forth in the Promissory Note.

2.    Time is of the essence under this Mortgage and the Promissory Note which it secures.

3.    If any one or more of the provisions of this Mortgage are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain in full force and effect.

## ARTICLE III. DEFAULT

1.    The occurrence of any one or more of the following events shall constitute a default hereunder:

(a)    Failure of the Owner to make any scheduled payment of principal and/or interest on or before the due date(s) as specified in the Promissory Note secured hereby;

(b)    Any violation of or refusal, failure or inability of the Owner to perform or abide by the covenants set forth in Paragraphs 1 through 10 of Article I herein.

(c)    Bankruptcy of the Owner or approval by any court of a petition or answer by the Owner seeking reorganization, arrangement, extension or other relief under any bankruptcy law, or; appointment of a receiver for Owner or any of Owner's property or the taking by any court of any action comparable thereto, or; rendition of a final judgment against Owner for the payment of money and the failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal, or; the insolvency of the Owner;

(d)    Any default under the terms of the Promissory Note between the parties;

(e)    The Vessel is libeled, arrested, liened, attached, detained, seized, levied upon, held, confiscated, condemned, requisitioned, appropriated or taken into custody by any public, private or governmental third party or entity, whether subject to judicial process or not;

(f)    The vessel is converted, stolen, lost or becomes a total or constructive total loss as a result of damage.

2.    In the event of a default hereunder, in every such case, Mortgagee may:

(a)    Declare the total outstanding principal balance plus all accrued interest and charges thereon as specified in the Promissory Note to be immediately due and payable in full;

(b)    Institute legal proceedings and recover judgment for, and collect out of any property of the Owner, including the Vessel, any amounts due under the Promissory note and hereunder;

responsible for loss or damage: (i) lease, charter, operate or otherwise use the Vessel without legal process at any time wherever the same may be and, without being such terms as Mortgagee may deem advisable, being accountable for net profits, if any, with the right to dock the Vessel free of charge at Owner's premises or elsewhere at Owner's expense, and/or; (ii) sell the Vessel at public or private sale, without notice and without having the Vessel present, free from any claim by Owner of any nature whatsoever, in the manner and to the extent permitted by law. For such purpose, Mortgagee and its agents are hereby irrevocably appointed the true and lawful attorneys of Owner in its name and stead to make all necessary transfers of the Vessel thus sold.

3.      Mortgagor agrees to pay such late charges, costs and attorney's fees as may become due under the Promissory Note secured by this Mortgage, if proceedings are brought to foreclose this Mortgage.

4.      In the event that the Vessel shall be arrested or detained by any officer of any court or by any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and appointees, in the name of the Owner or of the Mortgagee to receive or to take possession thereof, and to defend any action and/or discharge any lien at Mortgagee's option.

5.      Each of Mortgagee's rights and remedies under the Mortgage and/or pursuant to any other writing are cumulative, may be exercised separately or concurrently, are in addition to all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee.  No delay or omission by Mortgagee in enforcing any right or remedy hereunder, or under any other writing, shall impair or constitute a waiver of any right, power or remedy afforded to Mortgagee by law or contract.

6.      Funds received or recovered by the Mortgagee as a result of (a) the judicial or other sale of the Vessel; (b) the charter, management, operation or other use of the Vessel by Mortgagee, or; (c) a judgment against Mortgagor, shall be applied in satisfaction of the Mortgagor's obligations as follows:

FIRST:  To the payment of all attorneys' fees, court costs, or any other expenses, losses, charges, or damages incurred by the Mortgagee in the protection of its rights or as a result of Owner's default hereunder or under the Promissory Note secured hereby, with interest;

SECOND: To the payment of all accrued interest on all indebtedness under the Promissory Note, to date of payment;

THIRD:  To payment of outstanding principal balance of the loan.

8.      In the event that Funds received or recovered by the Mortgagee as a result of (a) the judicial or other sale of the Vessel; (b) the charter, management, operation or other use of the Vessel by Mortgagee, or; (c) a judgment against Mortgagor are insufficient to satisfy the Owner's obligations to Mortgagee in full, Mortgagee shall be entitled to proceed against Owner or its assets to the full extent permitted by law to collect any remaining indebtedness owed by Mortgagor.  Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

9.      All advances and expenditures which Mortgagee in its discretion may make on Owner's behalf for repairs, insurance, payment or discharge of liens or other claims, defense of suits, or for any other purpose whatsoever related hereto or to the Promissory Note and all damages sustained by Mortgagee because of defaults, shall be repaid by Owner on demand with interest therein accruing in accordance with the terms of the Note; and if not paid upon demand shall constitute a default by Owner hereunder, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien hereof.  Mortgagee shall not be obligated to make any such advances or expenditures, nor shall the making thereof relieve Owner of any obligation hereunder or the consequences of default with respect thereto.

ON THIS DAY and year written at the beginning of this mortgage I have caused this mortgage to be signed with full and complete authority to do so.

THE SUNSEEKER CLUB  INC

By: _Eileen Smiles, Pres._

## ACKNOWLEDGEMENT

State of _New York_         )
                            )ss:
County of _Westchester_     )

On this the _3_ day of _MAY_ , 20 _07_, before me, _ALAN MECHANIC_ , the undersigned officer, personally appeared _EILEEN SMILES_ , who acknowledged himself to be the _PRESIDENT_ of _THE SUNSEEKER CLUB INC._ , a corporation, and that he, being authorized so to do, executed the foregoing instrument for the purposes therein contained on behalf of the corporation.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: _12/15/09_

ALAN H. MECHANIC
Notary Public, State of New York
No. 01ME6000398
Qualified in Westchester County
Commission Expires December 15, 2009

# PROMISSORY NOTE

| |
|---|
| BORROWER'S NAME AND ADDRESS:<br>THE SUNSEEKER CLUB, INC.<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY 10805 |
| LENDER'S NAME AND ADDRESS:<br>THE SUNSEEKER CLUB IN<br>ANNAPOLIS, INC.<br>PROGRESSIVE ENTERPRISES, INC./<br>CASTAWAYS YACHT CLUB<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY 10805 |
| PRINCIPAL AMOUNT OF NOTE:<br>$51,276.60 |
| DATE OF NOTE 5/3/07: |

1. *Promise to Pay*. THE SUNSEEKER CLUB, INC., ("Borrower") promises to pay to the order of THE SUNSEEKER CLUB IN ANNAPOLIS, INC. PROGRESSIVE ENTERPRISES, INC./ CASTAWAYS YACHT CLUB ("Lender"), or its successors or assigns in lawful money of the United States of America the sum of FIFTY ONE THOUSAND TWO HUNDRED SEVENTY SIX Dollars and SIXTY Cents ($51,276.60), which includes all prepaid and accrued interest charges, origination fees and such other amounts which from time to time constitute the aggregate unpaid balance of the loan made to Borrower in accordance with the terms and conditions specified herein.

2. *Loan Documents*. This Note is made and executed in connection with, and is secured by, a Preferred Ship Mortgage as amended from time to time, the "Mortgage" on the whole of the vessel CUQUITO, Hull Identification No. TNRD1719J091 ("Vessel"), and any other loan and security documents executed by Borrower and Lender in connection with this Note. As used in this Note, "Loan Document" means this Note, the Mortgage or any other loan agreement, mortgage, security agreement, guaranty, instrument, certificate, or document now or hereafter related to this Note, as assigned, assumed, amended, renewed, replaced, or otherwise modified from time to time.

3. *Interest Rate*. This Note shall bear interest at the rate of 9.0% per annum. Interest on this Note is computed on a 365/6-day simple interest basis; that is, by applying the ratio of the annual interest rate over a year of 365 or 366 days times the outstanding balance, times the actual number of days the balance is outstanding, provided that in no event shall this Note bear interest at a rate in excess of the maximum rate permitted by law, if any.

4.    *Prepaid Interest.*  This Note shall carry a fixed minimum interest charge equivalent to six (6) months accrued interest on the Principal Sum calculated in accordance with Paragraph 3 above, which amount shall be due and payable to the Lender at maturity or upon default in addition to any other amounts due hereunder.

5.    *Origination Fee.*  A fixed origination fee of TWO THOUSAND SEVEN HUNDRED FIFTY Dollars and NO Cents ($2,750.00) shall be due and payable to the Lender at maturity or upon default in addition to any other amounts due hereunder.

6.    *Additional Interest.*  If this Note is not repaid within six months from the date of execution, additional interest shall accrue at the rate specified in Paragraph 3 above on the combined total of the Principal Sum, Prepaid Interest and Origination Fee until the time of Maturity.

7.    *Maturity.*  The Principal Sum including all Prepaid Interest and Origination Fee, and Additional Interest accrued thereon, shall become immediately due and payable to Lender in full on demand or upon the sale of or transfer of title to the Vessel by the Borrower to any third party.    Payment shall be made to Lender at its address stated above or at such other address as to which Lender gives Borrower notice.

8.    *Default.*  The occurrence of any one or more of the following events shall constitute a default hereunder:

(a)    Failure of the Borrower to make the payment specified in Paragraph 7 above, or any portion thereof;

(b)    Any violation of or refusal, failure or inability of the Borrower to perform or abide by the covenants set forth in the Mortgage;

(c)    Bankruptcy of the Borrower or approval by any court of a petition or answer by the Borrower seeking reorganization, arrangement, extension or other relief under any bankruptcy law, or; appointment of a receiver for Borrower or any of Borrower's property or the taking by any court of any action comparable thereto, or; rendition of a final judgment against Borrower for the payment of money and the failure of Borrower to discharge the same within ninety (90) days or stay the execution thereof pending appeal, or; the insolvency of the Borrower;

(d)    Any event of default under the terms of the Mortgage;

(e)    The Vessel is libeled, arrested, liened, attached, detained, seized, levied upon, held, impounded, quarantined, confiscated, condemned, requisitioned, appropriated or taken into custody by any public, private or

2

governmental third party or entity, whether subject to judicial process or not;

(f)    The Vessel is converted, stolen, lost or becomes a total loss or constructive total loss as a result of damage prior to Maturity.

9.    *Lender's Rights Upon Default.*    Upon the occurrence of and during the continuation of any default,  Lender shall have all of the rights and remedies provided in the Loan Documents.

10.    *Prepayment.*    Borrower may prepay the Principal Sum, Prepaid Interest and Origination Fee at any time prior to Maturity without penalty.

11.    *Late Charge.*    If Borrower fails to make the required payment under this Note in full within twenty-four (24) hours of Maturity as specified in Paragraph 7 above,  Borrower agrees to pay Lender a late payment fee in an amount equal to five (5%) percent of the delinquent payment due, but in no event more than the highest amount permitted by applicable law, if any.  Borrower recognizes that Borrower's failure to make timely payment of amounts due under this Note will result in damages to Lender, including without limitation an increase in Lender's administrative costs, and Borrower agrees that any late payment fee imposed hereunder will represent reasonable compensation to Lender for such damages.  Borrower further agrees that any late payment fee will not and is not intended to compensate Lender for a grace or cure period, and no such deferral, grace or cure period has been or will be granted to Borrower in return for the imposition of a late payment fee.  Failure to make payment in full when due under this Note, whether or not a late payment fee is assessed, will remain and shall constitute an event of default according to applicable provisions of the Loan Documents.

12.    *Default Interest.*    Upon any default under this Note, the interest rate shall be five (5%) percent per annum in excess of the interest rate specified in Paragraph 3 above for all purposes hereunder, including the calculation of Prepaid Interest and Additional Interest from the date of the default (but in no event shall this Note bear interest at a rate in excess of the maximum rate permitted by law, if any).

13.    *Collection Costs.*    On the occurrence of a default, Borrower agrees to pay, as they are incurred, all attorneys' fees, costs and other expenses, and the fees and expenses of other professionals incurred in connection with the enforcement of this Note, the Mortgage and any other Loan Documents, in the preservation of Lender's rights and interest in any and all collateral, or any of the foregoing, including the cost of determining relative rights on the occurrence of any default.

14.    *Interpretation.*    Borrower agrees that this Note and the loan evidenced hereby shall be governed under the laws of the State of New York except to the extent it is subject to the substantive federal laws of the United States of America.  The descriptive captions at the head of various sections of this Note are inserted only as a matter of convenient reference, and do not

3

limit or expand the scope or meaning of the paragraphs to which they refer. In this Note, words imparting the singular shall include the plural, and vice versa.

15.    *Waivers.* Borrower hereby waives presentment, demand, protest, notice of protest or dishonor or other notice of default of any kind.

16.    *Cumulative Rights and Exercise.* The rights and remedies provided to Lender in this Note, the Mortgage or in any other Loan Document, or existing at law, in equity or admiralty, or otherwise, are cumulative. All rights and remedies may be exercised, wholly or in part, from time to time and in any order. No course of dealing by Lender or failure or delay on the part of Lender in exercising any right or remedy, and no commencement and abandonment thereof, shall operate as a waiver or election with respect to any rights or remedies. Any partial exercise of any rights and/or remedies granted to Lender shall furthermore not be construed as a waiver of any other rights and remedies; it being Borrower's intent and agreement that Lender's rights and remedies shall be cumulative in nature. Borrower further agrees that, should any default occur or exist, any waiver or forbearance on the part of Lender to pursue the rights and remedies available to Lender, shall be binding upon Lender only to the extent that Lender specifically and expressly agrees to any such waiver or forbearance in writing. A waiver or forbearance on the part of Lender as to any one event of default shall not be construed as a waiver or forbearance as to any other event of default. Time is of the essence of all of Borrower's duties and obligations hereunder.

17.    *Amendment.* No amendment, modification, consent or waiver of any provision of this Note, and no consent to any departure by Borrower therefrom, shall be effective unless the same shall be in writing signed by a duly authorized officer of Lender, and then shall be effective only to the specific instance and for the specific purpose for which given.

18.    *Venue.* At the option of the Lender, actions to enforce this Note may, but need not, be brought in or transferred to the United States District Court or the state courts of general jurisdiction sitting in any jurisdiction where any collateral for the obligations evidenced hereby is located or subject to in rem or quasi in rem proceedings from time to time. The Borrower consents to the personal jurisdiction of all such courts, and waives all defenses based on inconvenience of forum in all actions brought hereunder.

19.    *Successors and Assigns Liable.* Borrower's obligations and agreements under this Note shall be binding upon Borrower's successors, heirs, legatees, devisees, administrators, executors and assigns. The rights and remedies granted to Lender under this Note shall inure to the benefit of Lender's successors and assigns, as well as to any subsequent holder or holders of this Note.

20.    *Severability.* If any provision of this Note is held to be illegal, invalid or unenforceable under present or future laws effective during the term hereof, such provision shall be fully severable, this Note shall be construed and enforceable as if the illegal, invalid or unenforceable provision had never comprised a part of it, and the remaining provisions of this

Note shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance here from.

21.    *Waiver of Jury Trial.*    BORROWER AND LENDER HEREBY WAIVE THE RIGHTS TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY EITHER AGAINST THE OTHER.

22.    PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.

THE SUNSEEKER CLUB, INC.

By: _____
EILEEN SMILES, PRESIDENT

State of _New York_

County of _Westchester_

On this the _3_ day of _May_, 200_7_ before me, _Eileen Smiles_ the undersigned officer, personally appeared, who acknowledged himself/herself to be the _President_ of _the Sunseeker Club, Inc.._, a corporation, and that he/she, being authorized so to do, executed the foregoing instrument for the purposes therein contained on behalf of the corporation.

In witness whereof I hereunto set my hand and official seal.

Notary Public

ALAN H. MECHANIC
Notary Public, State of New York
No. 01ME6000398
Qualified in Westchester County
Commission Expires December 15, _2009_

5

# EXHIBIT B

# PREFERRED SHIP MORTGAGE

THIS PREFERRED MORTGAGE is made and given on the whole (100%) of the vessel named below ("Vessel") by THE SUNSEEKER CLUB AT CASTAWAYS, INC., (the "Owner" or "Mortgagor"), to the person or entity named as Mortgagee below (the "Mortgagee").

| | |
|---|---|
| **NAME OF VESSEL:**<br>BACKCOVE29030 | **INTEREST CONVEYED:**<br>**100%** |
| **OFFICIAL NUMBER:**<br>TBA | **DATE OF INSTRUMENT:**<br>5/3/07 |
| **HULL IDENTIFICATION NUMBER:**<br>NEH29030G405 | **PRINCIPAL AMOUNT OF MORTGAGE:**<br>**$136,083.69** |
| **NAME OF MORTGAGOR:**<br>THE SUNSEEKER CLUB AT CASTAWAYS, INC | **NAME OF MORTGAGEE:**<br>THE SUNSEEKER CLUB IN ANNAPOLIS, INC.<br><br>PROGRESSIVE ENTERPRISES INC./<br>CASTAWAYS YACHT CLUB |
| **ADDRESS OF MORTGAGOR:**<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY  10805 | **ADDRESS OF MORTGAGEE:**<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY  10805 |

## WITNESSETH:

WHEREAS, Mortgagor is the sole owner of the whole of the Vessel and is justly indebted to the Mortgagee, as Maker of a Promissory Note ("Note") dated MAY 3, 2007, in the principal amount of $136,083.69 plus interest, fees and charges, due and payable to the order of Mortgagee as specified and agreed therein.

WHEREAS, Mortgagor has agreed to give this Mortgage as security for its obligations to Mortgagee under this Mortgage and the aforesaid Note, the terms and conditions of which are incorporated herein by reference, and has authorized and directed the execution and delivery of this Mortgage to Mortgagee.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, receipt of which is hereby acknowledged, and to secure payment of the aforesaid indebtedness and interest, other charges and amounts that are and may hereafter become due under this Mortgage and Note and the performance of all covenants thereof, Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the Vessel identified above, together with and including the hull, all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, all appurtenances and accessories and any and all additions, improvements and replacements, now or hereafter belonging thereto, whether or not removed therefrom, all of which shall be deemed to be included in the term "Vessel" herein.

TO HAVE AND TO HOLD all and singular the above described Vessel unto Mortgagee, its heirs, successors and assigns, forever;

PROVIDED, HOWEVER, that if Owner, its heirs, executors, administrators or its successors or assigns shall perform and observe all and singular the terms, covenants and agreements of the Note, then this Mortgage shall cease, but shall otherwise remain in full force and effect;

OWNER PROMISES to pay said indebtedness with interest thereon as specified  in the aforesaid Note, and to perform and observe the further terms, covenants and agreements herein, and to hold the Vessel subject thereto at all times.

## ARTICLE I.  PARTICULAR COVENANTS OF OWNER

Owner covenants as follows:

1.      Owner is and shall at all times continue to be a citizen of the United States entitled to own and operate the Vessel under a United States marine document, which document Owner shall at all times maintain in full force and effect.

2.      Owner is duly incorporated and is and shall continue to remain in good standing under the laws of the State of its incorporation and is and shall continue to remain authorized to do business and in good standing in any other State wherein Owner regularly does business.

3.      Owner has signed or authorized and directed the signing of all papers and has taken any and all other actions necessary for the signing, delivery and validity of this Mortgage and the Promissory Note which create the obligation secured by this Mortgage.  The Promissory Note and this Mortgage are valid and enforceable.

4.    Owner lawfully owns and possesses the Vessel free form all liens and encumbrances whatsoever except the lien of this First Preferred Mortgage.

5.    Owner shall not permit the Vessel to be operated contrary to or in violation of any provision of the laws, treaties, conventions, rules, regulations or orders of the United States, or of any State and/or political subdivision and/or any department or agency thereof.

6.    Neither the Owner, its agents, nor the master or custodian of the Vessel have or shall have any right or power of authority to create, incur or permit to be placed or imposed on the Vessel, or any part thereof, any lien which would or might be prior to, on a parity with or which might otherwise impair the lien of this Mortgage, other than to the Mortgagee or for crew's wages or salvage.

7.    Owner shall place and keep prominently in the Vessel's pilot house, chart room or master's cabin, or elsewhere on the Vessel as specified by the Mortgagee, a notice of this Mortgage and shall keep a proper copy of the Mortgage with the ship's papers and exhibit the same to all persons having business with the Vessel, and to the Mortgagee on demand.

8.    Owner shall pay when due all taxes, assessments, governmental charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon the Vessel. Owner shall at its own expense at all times maintain the Vessel in thorough repair and working order and shall make all proper renewals and replacements.

9.    If the Vessel shall be libeled, attached, detained, seized, levied upon or taken into custody under process or under color of any authority by any third party, Owner shall immediately notify Mortgagee.

10.    From time to time Owner shall execute and deliver to Mortgagee any affidavits instruments, documents, information and assurances that may in the opinion of Mortgagee's counsel be required to perfect the lien hereof, to effect or secure payment of the aforesaid indebtedness, to permit the operation of the Vessel as herein provided, or to effectuate sales as provided in Subparagraph 2(C) of Article III herein.

11.    Owner shall at its own expense maintain agreed value marine hull and machinery insurance on the vessel at all times so long as this Mortgage remains outstanding and unsatisfied, in an amount at least equal to and not less than the outstanding unpaid indebtedness under the Promissory Note. All insurance shall be taken out in the name of the Owner and shall by its terms be payable to Mortgagee as loss payee. Owner shall notify and request Underwriters to agree to notify Mortgagee of any cancellation or material change in coverage at least 30 days in advance. Copies of all policies and binders shall be delivered to Mortgagee together with evidence of payment of premium.

## ARTICLE II. TERMS AND CONDITIONS

1.    For the purpose of endorsing of this Ship Mortgage on the marine document of the Vessel as required by the Ship Mortgage Act, the total amount necessary to satisfy this Mortgage is the total unpaid principal plus accrued interest, fees, costs and charges as set forth in the Promissory Note.

2.    Time is of the essence under this Mortgage and the Promissory Note which it secures.

3.    If any one or more of the provisions of this Mortgage are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain in full force and effect.

## ARTICLE III. DEFAULT

1.    The occurrence of any one or more of the following events shall constitute a default hereunder:

    (a)    Failure of the Owner to make any scheduled payment of principal and/or interest on or before the due date(s) as specified in the Promissory Note secured hereby;

    (b)    Any violation of or refusal, failure or inability of the Owner to perform or abide by the covenants set forth in Paragraphs 1 through 10 of Article I herein.

    (c)    Bankruptcy of the Owner or approval by any court of a petition or answer by the Owner seeking reorganization, arrangement, extension or other relief under any bankruptcy law, or; appointment of a receiver for Owner or any of Owner's property or the taking by any court of any action comparable thereto, or; rendition of a final judgment against Owner for the payment of money and the failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal, or; the insolvency of the Owner;

    (d)    Any default under the terms of the Promissory Note between the parties;

    (e)    The Vessel is libeled, arrested, liened, attached, detained, seized, levied upon, held, confiscated, condemned, requisitioned, appropriated or taken into custody by any public, private or governmental third party or entity, whether subject to judicial process or not;

    (f)    The vessel is converted, stolen, lost or becomes a total or constructive total loss as a result of damage.

2.    In the event of a default hereunder, in every such case, Mortgagee may:

    (a)    Declare the total outstanding principal balance plus all accrued interest and charges thereon as specified in the Promissory Note to be immediately due and payable in full;

    (b)    Institute legal proceedings and recover judgment for, and collect out of any property of the Owner, including the Vessel, any amounts due under the Promissory note and hereunder;

-se and hold the Vessel without legal process at any time wherever the same may be and, without being responsible for loss or damage: (i) lease, charter, operate or otherwise use the Vessel in Mortgagee's name or in Owner's name, for such time and on such terms as Mortgagee may deem advisable, being accountable for net profits, if any, with the right to dock the Vessel free of charge at Owner's premises or elsewhere at Owner's expense, and/or; (ii) sell the Vessel at public or private sale, without notice and without having the Vessel present, free from any claim by Owner of any nature whatsoever, in the manner and to the extent permitted by law. For such purpose, Mortgagee and its agents are hereby irrevocably appointed the true and lawful attorneys of Owner in its name and stead to make all necessary transfers of the Vessel thus sold.

3.      Mortgagor agrees to pay such late charges, costs and attorney's fees as may become due under the Promissory Note secured by this Mortgage, if proceedings are brought to foreclose this Mortgage.

4.      In the event that the Vessel shall be arrested or detained by any officer of any court or by any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and appointees, in the name of the Owner or of the Mortgagee to receive or to take possession thereof, and to defend any action and/or discharge any lien at Mortgagee's option.

5.      Each of Mortgagee's rights and remedies under the Mortgage and/or pursuant to any other writing are cumulative, may be exercised separately or concurrently, are in addition to all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee. No delay or omission by Mortgagee in enforcing any right or remedy hereunder, or under any other writing, shall impair or constitute a waiver of any right, power or remedy afforded to Mortgagee by law or contract.

6.      Funds received or recovered by the Mortgagee as a result of (a) the judicial or other sale of the Vessel; (b) the charter, management, operation or other use of the Vessel by Mortgagee, or; (c) a judgment against Mortgagor, shall be applied in satisfaction of the Mortgagor's obligations as follows:

FIRST: To the payment of all attorneys' fees, court costs, or any other expenses, losses, charges, or damages incurred by the Mortgagee in the protection of its rights or as a result of Owner's default hereunder or under the Promissory Note secured hereby, with interest;

SECOND: To the payment of all accrued interest on all indebtedness under the Promissory Note, to date of payment;

THIRD: To payment of outstanding principal balance of the loan.

8.      In the event that Funds received or recovered by the Mortgagee as a result of (a) the judicial or other sale of the Vessel; (b) the charter, management, operation or other use of the Vessel by Mortgagee, or; (c) a judgment against Mortgagor are insufficient to satisfy the Owner's obligations to Mortgagee in full, Mortgagee shall be entitled to proceed against Owner or its assets to the full extent permitted by law to collect any remaining indebtedness owed by Mortgagor. Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

9.      All advances and expenditures which Mortgagee in its discretion may make on Owner's behalf for repairs, insurance, payment or discharge of liens or other claims, defense of suits, or for any other purpose whatsoever related hereto or to the Promissory Note and all damages sustained by Mortgagee because of defaults, shall be repaid by Owner on demand with interest therein accruing in accordance with the terms of the Note; and if not paid upon demand shall constitute a default by Owner hereunder, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien hereof. Mortgagee shall not be obligated to make any such advances or expenditures, nor shall the making thereof relieve Owner of any obligation hereunder or the consequences of default with respect thereto.

ON THIS DAY and year written at the beginning of this mortgage I have caused this mortgage to be signed with full and complete authority to do so.

THE SUNSEEKER CLUB AT CASTAWAYS, INC.

By _____

**ACKNOWLEDGEMENT**

State of NEW YORK )
                        )ss:
County of WESTCHESTER )

On this the 3 day of _____MAY_____, 20 07, before me, ALAN MECHANIC, the undersigned officer, personally appeared WILLIAM MECHANIC, who acknowledged himself to be the PRESIDENT of THE SUNSEEKER CLUB AT CASTAWAY INC, a corporation, and that he, being authorized so to do, executed the foregoing instrument for the purposes therein contained on behalf of the corporation.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: 12/15/09

ALAN H. MECHANIC
Notary Public, State of New York
No. 01ME6000398
Qualified in Westchester County
Commission Expires December 15, 2009

## PROMISSORY NOTE

| |
|---|
| BORROWER'S NAME AND ADDRESS:<br>THE SUNSEEKER CLUB AT<br>CASTAWAYS, INC<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY 10805 |
| LENDER'S NAME AND ADDRESS:<br>THE SUNSEEKER CLUB IN<br>ANNAPOLIS, INC.<br>PROGRESSIVE ENTERPRISES, INC./<br>CASTAWAYS YACHT CLUB<br>425 DAVENPORT AVENUE<br>NEW ROCHELLE, NY 10805 |
| PRINCIPAL AMOUNT OF NOTE:<br>$136,083.69 |
| DATE OF NOTE 5/3/07: |

1.    *Promise to Pay.* THE SUNSEEKER CLUB AT CASTAWAYS, INC., ("Borrower") promises to pay to the order of THE SUNSEEKER CLUB IN ANNAPOLIS, INC. PROGRESSIVE ENTERPRISES, INC./ CASTAWAYS YACHT CLUB ("Lender"), or its successors or assigns in lawful money of the United States of America the sum of ONE HUNDRED THIRTY SIX THOUSAND EIGHTY THREE Dollars and SIXTY NINE Cents ($136,083.69), which includes all prepaid and accrued interest charges, origination fees and such other amounts which from time to time constitute the aggregate unpaid balance of the loan made to Borrower in accordance with the terms and conditions specified herein.

2.    *Loan Documents.* This Note is made and executed in connection with, and is secured by, a Preferred Ship Mortgage as amended from time to time, the "Mortgage" on the whole of the vessel BACKCOVE29030, Hull Identification No. NEH29030G405 ("Vessel"), and any other loan and security documents executed by Borrower and Lender in connection with this Note. As used in this Note, "Loan Document" means this Note, the Mortgage or any other loan agreement, mortgage, security agreement, guaranty, instrument, certificate, or document now or hereafter related to this Note, as assigned, assumed, amended, renewed, replaced, or otherwise modified from time to time.

3.    *Interest Rate.* This Note shall bear interest at the rate of 9.0% per annum. Interest on this Note is computed on a 365/6-day simple interest basis; that is, by applying the ratio of the annual interest rate over a year of 365 or 366 days times the outstanding balance, times the actual number of days the balance is outstanding, provided that in no event shall this Note bear interest at a rate in excess of the maximum rate permitted by law, if any.

4.    *Prepaid Interest.*    This Note shall carry a fixed minimum interest charge equivalent to six (6) months accrued interest on the Principal Sum calculated in accordance with Paragraph 3 above, which amount shall be due and payable to the Lender at maturity or upon default in addition to any other amounts due hereunder.

5.    *Origination Fee.* A fixed origination fee of SIX THOUSAND TWO HUNDRED FIFTY Dollars and NO Cents ($6,250.00) shall be due and payable to the Lender at maturity or upon default in addition to any other amounts due hereunder.

6.    *Additional Interest.* If this Note is not repaid within six months from the date of execution, additional interest shall accrue at the rate specified in Paragraph 3 above on the combined total of the Principal Sum, Prepaid Interest and Origination Fee until the time of Maturity.

7.    *Maturity.*    The Principal Sum including all Prepaid Interest and Origination Fee, and Additional Interest accrued thereon, shall become immediately due and payable to Lender in full on demand or upon the sale of or transfer of title to the Vessel by the Borrower to any third party.    Payment shall be made to Lender at its address stated above or at such other address as to which Lender gives Borrower notice.

8.    *Default.*    The occurrence of any one or more of the following events shall constitute a default hereunder:

(a)    Failure of the Borrower to make the payment specified in Paragraph 7 above, or any portion thereof;

(b)    Any violation of or refusal, failure or inability of the Borrower to perform or abide by the covenants set forth in the Mortgage;

(c)    Bankruptcy of the Borrower or approval by any court of a petition or answer by the Borrower seeking reorganization, arrangement, extension or other relief under any bankruptcy law, or; appointment of a receiver for Borrower or any of Borrower's property or the taking by any court of any action comparable thereto, or; rendition of a final judgment against Borrower for the payment of money and the failure of Borrower to discharge the same within ninety (90) days or stay the execution thereof pending appeal, or; the insolvency of the Borrower;

(d)    Any event of default under the terms of the Mortgage;

(e)    The Vessel is libeled, arrested, liened, attached, detained, seized, levied upon, held, impounded, quarantined, confiscated, condemned, requisitioned, appropriated or taken into custody by any public, private or

2

governmental third party or entity, whether subject to judicial process or not;

(f) The Vessel is converted, stolen, lost or becomes a total loss or constructive total loss as a result of damage prior to Maturity.

9.  *Lender's Rights Upon Default.*  Upon the occurrence of and during the continuation of any default,  Lender shall have all of the rights and remedies provided in the Loan Documents.

10.  *Prepayment.*  Borrower may prepay the Principal Sum, Prepaid Interest and Origination Fee at any time prior to Maturity without penalty.

11.  *Late Charge.*  If Borrower fails to make the required payment under this Note in full within twenty-four (24) hours of Maturity as specified in Paragraph 7 above,  Borrower agrees to pay Lender a late payment fee in an amount equal to five (5%) percent of the delinquent payment due, but in no event more than the highest amount permitted by applicable law, if any.  Borrower recognizes that Borrower's failure to make timely payment of amounts due under this Note will result in damages to Lender, including without limitation an increase in Lender's administrative costs, and Borrower agrees that any late payment fee imposed hereunder will represent reasonable compensation to Lender for such damages.  Borrower further agrees that any late payment fee will not and is not intended to compensate Lender for a grace or cure period, and no such deferral, grace or cure period has been or will be granted to Borrower in return for the imposition of a late payment fee. Failure to make payment in full when due under this Note, whether or not a late payment fee is assessed, will remain and shall constitute an event of default according to applicable provisions of the Loan Documents.

12.  *Default Interest.*  Upon any default under this Note, the interest rate shall be five (5%) percent per annum in excess of the interest rate specified in Paragraph 3 above for all purposes hereunder, including the calculation of Prepaid Interest and Additional Interest from the date of the default (but in no event shall this Note bear interest at a rate in excess of the maximum rate permitted by law, if any).

13.  *Collection Costs.*  On the occurrence of a default, Borrower agrees to pay, as they are incurred, all attorneys' fees, costs and other expenses, and the fees and expenses of other professionals incurred in connection with the enforcement of this Note, the Mortgage and any other Loan Documents, in the preservation of Lender's rights and interest in any and all collateral, or any of the foregoing, including the cost of determining relative rights on the occurrence of any default.

14.  *Interpretation.*  Borrower agrees that this Note and the loan evidenced hereby shall be governed under the laws of the State of New York except to the extent it is subject to the substantive federal laws of the United States of America. The descriptive captions at the head of various sections of this Note are inserted only as a matter of convenient reference, and do not

3

limit or expand the scope or meaning of the paragraphs to which they refer. In this Note, words imparting the singular shall include the plural, and vice versa.

15.    *Waivers.* Borrower hereby waives presentment, demand, protest, notice of protest or dishonor or other notice of default of any kind.

16.    *Cumulative Rights and Exercise.* The rights and remedies provided to Lender in this Note, the Mortgage or in any other Loan Document, or existing at law, in equity or admiralty, or otherwise, are cumulative. All rights and remedies may be exercised, wholly or in part, from time to time and in any order. No course of dealing by Lender or failure or delay on the part of Lender in exercising any right or remedy, and no commencement and abandonment thereof, shall operate as a waiver or election with respect to any rights or remedies. Any partial exercise of any rights and/or remedies granted to Lender shall furthermore not be construed as a waiver of any other rights and remedies; it being Borrower's intent and agreement that Lender's rights and remedies shall be cumulative in nature. Borrower further agrees that, should any default occur or exist, any waiver or forbearance on the part of Lender to pursue the rights and remedies available to Lender, shall be binding upon Lender only to the extent that Lender specifically and expressly agrees to any such waiver or forbearance in writing. A waiver or forbearance on the part of Lender as to any one event of default shall not be construed as a waiver or forbearance as to any other event of default. Time is of the essence of all of Borrower's duties and obligations hereunder.

17.    *Amendment.* No amendment, modification, consent or waiver of any provision of this Note, and no consent to any departure by Borrower therefrom, shall be effective unless the same shall be in writing signed by a duly authorized officer of Lender, and then shall be effective only to the specific instance and for the specific purpose for which given.

18.    *Venue.* At the option of the Lender, actions to enforce this Note may, but need not, be brought in or transferred to the United States District Court or the state courts of general jurisdiction sitting in any jurisdiction where any collateral for the obligations evidenced hereby is located or subject to in rem or quasi in rem proceedings from time to time. The Borrower consents to the personal jurisdiction of all such courts, and waives all defenses based on inconvenience of forum in all actions brought hereunder.

19.    *Successors and Assigns Liable.* Borrower's obligations and agreements under this Note shall be binding upon Borrower's successors, heirs, legatees, devisees, administrators, executors and assigns. The rights and remedies granted to Lender under this Note shall inure to the benefit of Lender's successors and assigns, as well as to any subsequent holder or holders of this Note.

20.    *Severability.* If any provision of this Note is held to be illegal, invalid or unenforceable under present or future laws effective during the term hereof, such provision shall be fully severable, this Note shall be construed and enforceable as if the illegal, invalid or unenforceable provision had never comprised a part of it, and the remaining provisions of this

4

Note shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance here from.

21.    *Waiver of Jury Trial.*    BORROWER AND LENDER HEREBY WAIVE THE RIGHTS TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY EITHER AGAINST THE OTHER.

22.    PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.

THE SUNSEEKER CLUB AT CASTAWAYS, INC.

By: _____
       WILLIAM MICHAELIS, PRESIDENT

State of _NEW YORK_

County of _WESTCHESTER_

On this the _3_ day of _MAY_, 2007, before me, _WILLIAM MICHAELIS_ the undersigned officer, personally appeared, who acknowledged himself/herself to be the _PRESIDENT_ of _THE SUNSEEKER CLUB AT CASTAWAYS, INC._, a corporation, and that he/she, being authorized so to do, executed the foregoing instrument for the purposes therein contained on behalf of the corporation.

In witness whereof I hereunto set my hand and official seal.

ALAN H. MECHANIC
Notary Public, State of New York
No. 01ME6000398
Qualified in Westchester County
Commission Expires December 15, 2008

Notary Public _____

5