UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

Progressive Enterprises, Inc./Castaways Yacht Club
    and
The Sunseeker Club in Annapolis, Inc.        **CIVIL NO. 08-3553-KMK-GAY**

                  Plaintiffs,        **ECF CASE**

    -against-

M/Y CUQUITO (Hull ID No. TNRD1719J091), her
engines, tackle, apparel, furniture, equipment, and all
other necessaries thereunto appertaining and belonging
*in rem*;

The Sunseeker Club, Inc. *in personam*;

M/Y BACKCOVE29030 (Hull ID No. NEH29030G405),
her engines, tackle, apparel, furniture, equipment and all
other necessaries thereunto appertaining and belonging    **MOTION AND ORDER FOR**
*in rem*;                                                      **APPOINTMENT OF**
                                                                                 **SUBSTITUTE CUSTODIAN**

The Sunseeker Club at Castaways, Inc., *in personam*

                  Defendants.
------------------------------------------------------------------x

      Progressive Enterprises, Inc./Castaways Yacht Club and The Sunseeker Club in

Annapolis, Inc. ("Plaintiffs") having appeared and made the following recitals:

      1.       On April 14, 2008, the Complaint herein was filed praying that the Motor Yacht

CUQUITO (Hull ID No. TNRD1719J091), her engines, tackle, apparel, furniture, equipment and

all other necessaries thereunto appertaining and belonging (collectively the "CUQUITO") and the

Motor Yacht BACKCOVE29030 (Hull ID No.NEH29030G405), her engines, tackle, apparel,

1

furniture, equipment and all other necessaries thereunto appertaining and belonging (collectively the "BACKCOVE29030") be condemned and sold to pay Plaintiffs demands and claims and for other proper relief.

2. Plaintiffs have moved for an order directing the Clerk of Court to issue Warrants of Arrest commanding the United States Marshal to arrest and take into custody the CUQUITO and the BACKCOVE29030 and to detain the same in his custody until further Order of the Court.

3. It is contemplated that the United States Marshal will seize the CUQUITO and the BACKCOVE29030 forthwith and that custody by the United States Marshal will require the services of one or more keepers and will entail charges for wharfage and the other services usually associated with safekeeping vessels of this type.

4. Progressive Enterprises, Inc./Castaways Yacht Club has agreed to assume the responsibility of safekeeping said vessels and has consented to act as the custodian upon order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $50.00 per day per vessel. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the CUQUITO and the BACKCOVE29030 to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all charges due the Marshal have been paid.

5. By declaration of its Secretary, Gloria Michaelis, appended hereto as Exhibit A and made a part hereof, Progressive Enterprises, Inc./Castaways Yacht Club avers that it has adequate facilities and supervision for proper maintenance and safekeeping of the CUQUITO and

the BACKCOVE29030 and has presented proof of insurance sufficient to respond in the event of damage to either vessel, or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents.

NOW, THEREFORE, IT IS HEREBY

ORDERED that Progressive Enterprises, Inc./Castaways Yacht Club, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the CUQUITO and the BACKCOVE29030 from the date of the transfer of possession of said vessels; and it is further

ORDERED that Plaintiff shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody; and it is further

ORDERED that the United States Marshal shall surrender possession of the CUQUITO and the BACKCOVE29030 to the substitute custodian named herein upon executing the warrants in this action and upon payment of the United States Marshal's costs; and it is further

ORDERED that Progressive Enterprises, Inc./Castaways Yacht Club be, and is hereby, appointed the custodian of the CUQUITO and the BACKCOVE29030 to retain the same in its custody for possession and safekeeping for the aforementioned compensation until further Order of the Court; and it is further

ORDERED that the substitute custodian is authorized to move the CUQUITO and the BACKCOVE29030 from the location of arrest to another suitable berth or storage location and to employ such services as may be necessary to accomplish same, provided that the vessels always remains within this District; and it is further

ORDERED that all United States Marshal's costs be paid prior to release of said vessels; and it is further

ORDERED that the substitute custodian must receipt for said vessels and the United States Marshal must attest to the date and time of release on a certified copy thereof; and it is further

ORDERED that Plaintiffs' attorney will serve the owner of each vessel with a copy of this Order.

Dated: April ____, 2008
       White Plains, New York

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Progressive Enterprises, Inc./Castaways Yacht Club
    and
The Sunseeker Club in Annapolis, Inc.                CIVIL NO. 08-3553-KMK-GAY

                              Plaintiffs,            ECF CASE

        -against-

M/Y CUQUITO (Hull ID No. TNRD1719J091), her
engines, tackle, apparel, furniture, equipment, and all
other necessaries thereunto appertaining and belonging
*in rem*;

The Sunseeker Club, Inc. *in personam*;

M/Y BACKCOVE29030 (Hull ID No. NEH29030G405),
her engines, tackle, apparel, furniture, equipment and all
other necessaries thereunto appertaining and belonging
*in rem*;
                                                                        DECLARATION OF
The Sunseeker Club at Castaways, Inc., *in personam*    SUBSTITUTE CUSTODIAN

                              Defendants.
------------------------------------------------------------x

       Gloria Michaelis, being of full age, declares as follows:

       1.      I am the secretary of Progressive Enterprises, Inc./Castaways Yacht Club, and am familiar with the M/Y CUQUITO and the M/Y BACKCOVE29030, at least to the extent of their size, type, construction material and apparent condition, and I believe that Progressive Enterprises, Inc./Castaways Yacht Club has adequate facilities and supervision for and can safely keep said vessels in place of the United States Marshal during the pendency of this suit and until

further order of the Court. In this regard, Progressive Enterprises, Inc./Castaways Yacht Club will provide all services necessary for the proper custody and safekeeping of the vessel during the substitute custodianship, including security, periodic inspections, and repairs and maintenance as may be necessary to ensure the safekeeping of the vessels.

2. The total charge for said services will be $50.00 per day per vessel.

3. Progressive Enterprises, Inc./Castaways Yacht Club has liability insurance adequate to respond in damages for any loss of or injury to the M/Y CUQUITO or M/Y BACKCOVE29030 during the substitute custodianship. A true and correct copy of the proof of insurance is attached.

4. Progressive Enterprises, Inc./Castaways Yacht Club agrees to accept substitute custodianship of the M/Y CUQUITO and the M/Y BACKCOVE29030, their engines, tackle, apparel, furniture, equipment, etc., in accordance with the Court's Order for Appointment of Substitute Custodian.

5. All costs and expenses incidental to the keeping of the vessel will be paid by Plaintiffs, and it is understood that the U.S. Marshal does not assume liability for any acts of the substitute custodian or any costs incurred incidental to this Court-appointed custodianship.

6. I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

7. Executed this 10th day of April, 2008.

                                                  *Gloria Michaelis* (signature)
                                                  Gloria Michaelis

| ACORD. | CERTIFICATE OF LIABILITY INSURANCE | OP ID MR CAS7000 | DATE (MM/DD/YYYY) 04/10/08 |

**PRODUCER**
J.A. Faccibene & Assoc., Inc.
100 Merrick Road Suite 460W
Rockville Centre NY 11570
Phone: 516-766-3513

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURERS AFFORDING COVERAGE** — NAIC #
- INSURER A: Great American Ins. Co. — 22136
- INSURER B:
- INSURER C:
- INSURER D:
- INSURER E:

**INSURED**
Progressive Enterprises, Inc.
Castaways Yacht Club
425 Davenport Avenue
New Rochelle NY 10805

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADDL INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY — X COMMERCIAL GENERAL LIABILITY — CLAIMS MADE X OCCUR — X Liquor Liability | PAC8207378-10 | 09/10/07 | 09/10/08 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $100,000 |
| | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | PRODUCTS - COMP/OP AGG | $1,000,000 |
| | | AUTOMOBILE LIABILITY — ANY AUTO — ALL OWNED AUTOS — SCHEDULED AUTOS — HIRED AUTOS — NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | |
| | | | | | | BODILY INJURY (Per person) | |
| | | | | | | BODILY INJURY (Per accident) | |
| | | | | | | PROPERTY DAMAGE (Per accident) | |
| | | GARAGE LIABILITY — ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | |
| A | | EXCESS/UMBRELLA LIABILITY — X OCCUR — CLAIMS MADE — DEDUCTIBLE — X RETENTION $10,000 | UMB2850017-07 | 09/10/07 | 09/10/08 | EACH OCCURRENCE | $6,000,000 |
| | | | | | | AGGREGATE | $6,000,000 |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY — ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | WC STATUTORY LIMITS / OTHER | |
| | | | | | | E.L. EACH ACCIDENT | |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | |
| | | | | | | E.L. DISEASE - POLICY LIMIT | |
| A | | OTHER — Marina Operators | OMH70120850 | 09/10/07 | 09/10/08 | Limit | 1,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
This certificate is evidencing general liability for the above named insured.

**CERTIFICATE HOLDER**
U. S. Marshall
USDCSNY

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE
*[signature: Michael Faccibene]*

ACORD 25 (2001/08)  © ACORD CORPORATION 1988